IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM BOYD, | : CIVIL ACTION NO. 07-377 |
| Plaintiff, | : |
| v. | : |
| TEMPAY, | : |
| Defendant. | : |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

                  **McCARTER & ENGLISH, LLP**
                  Katharine L. Mayer (DE Bar ID #3758)
                  Renaissance Centre
                  405 N. King Street, 8th Floor
                  Wilmington, DE  19801
                  (302) 984-6300
                  (302) 984-6399 (fax)

                  *Attorneys for Defendant, TemPay, Inc.*

Dated:  November 8, 2007

ME1 6899372v.1

### I. PRELIMINARY STATEMENT

This action is one of ten *pro se* Complaints filed in this Court by Plaintiff over a period of three months, asserting claims against a variety of defendants including an accountant, an insurance and financial services firm, the United States Golf Association, family members, Wilmington Trust Company, and TemPay, the defendant herein. A listing of the cases and their docket numbers is attached as Exhibit A to this Brief. In one of these cases, William Boyd v. Theodore Nannas, Civil Action No. 07-378-JJF, this Court entered an Order on July 30, 2007 dismissing the claims without prejudice as frivolous and for failure to state a claim upon which relief may be granted.

The within action should also be dismissed for the reasons that follow.

### II. STATEMENT OF FACTS

Pursuant to Fed.R.Civ.P. 12(b)(6) on a Motion to Dismiss the Court must accept all factual allegations in a Complaint as true and take them in the light most favorable to the Plaintiff. Erickson v. Partis, ____ U.S. ____, 127 S.Ct. 2197, 2200 (2007). The factual allegations in this Complaint *in toto*, consist of the following:

> TemPay embezzled money, withheld crucial information, and extortion against me and my company. They granted loans to my office manager that I was technically responsible for. TemPay eliminated me for (sic) holding on to my customers. They sent checks that I never benefited from. I request a demand of a jury[1].

Based upon the minimal statement of facts noted above, Mr. Boyd seeks, in his prayer for relief, the following:

> "I would pray for compensation of my lost business. Also, compensated for all the check I never got and did not benefit me. Pay for damages it caused me."

---

[1] While the factual assertions must be accepted as true for purposes of the pending motion, TemPay vigorously denies engaging in any improper conduct and will, if it is required to do so, respond to and defend the claims asserted.

1

ME1 6899372v.1

III.   **ARGUMENT**

A Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give "the Defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atlantic Corp. v. Twombley</u>, ___ U.S. ___, 127 S.Ct. 1955, 1964 (2007). As this Court observed in <u>Boyd v. Nannas</u>, Civil Action No. 07-378 (Memorandum Opinion, July 30, 2007, p. 3-4) (citing <u>Bell Atlantic Corp. v. Twombley</u>, <u>supra</u>):

> [A] plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . "

The Complaint fails to allege fundamental facts and circumstances relating to the claimed involvement of Defendant in matters alleged to have caused Plaintiff harm. The factual allegations do not correspond to a legal theory or to the relief sought.

From the Court's electronic docket, counsel for Defendant has obtained a copy of the Civil Cover Sheet, which was not served with the Complaint. Defendant's ability to understand the claims asserted and respond in accordance with the Rules of Court is further confused by the Cover Sheet which indicates on the one hand that the nature of the suit is a civil rights action and on the other hand that federal claims are being asserted under 18 U.S.C.§ 1951, 18 U.S.C. 642-659, 18 U.S.C. 2315, 12 U.S.C. and 15 U.S.C. as well as "Extortion, "Embezzlement, Stolen Monies, Antitrust".[2]

Even given the liberal pleading standards accorded *pro se* plaintiffs, Plaintiff's scattershot approach of citing to federal criminal and antitrust statutes and using conclusory and inflammatory terms such as extortion, embezzlement, stolen monies, and antitrust, without any

---

[2] A civil cover sheet, an administrative form, is not a pleading and does not properly constitute a part of the pleading for purposes of the within motion. See, e.g. <u>Henderson v. Harrah's Marina Hotel Casino</u>, 110 F.R.D. 66 (E.D. Pa. 19896). It is referred to here to show that even plaintiff seems confused as to what he is pleading and what claims he is asserting.

factual basis to support them, requires dismissal of this action for failure to state a claim. If this is, indeed a civil rights action, Defendant should not have to guess at what facts are claimed to give rise to a violation, what civil right is claimed to have been violated, what state action is alleged to have been involved. If it is an antitrust action, defendant should not have to guess as to the predicate elements giving rise to the action, the market share claimed to be involved, and the actions of the Defendants that are claimed to violate federal antitrust law. If it is a breach of contract action, defendant should be given some basic information as to the contract, the parties to the contract and the nature of the claimed breach. Finally, Defendant should not have to guess which, if any, of those claims are actually being pursued in support of the relief sought.

Without a more specific statement of facts setting forth the grounds of his entitlement to relief, Defendant is left to speculate as to the claims asserted in a case in which Plaintiff purports to claim damages in excess of one million dollars. Even given the liberality with which *pro se* pleadings are viewed by the court, the Complaint at issue fails to meet even minimal standards to permit this matter to move forward in this Court. As the court observed in Peck v. Merletti, 64 F.Supp. 2d 599 (D.Va. 1999), even *pro se* litigants must state their claims in an understandable manner.

Instituting and prosecuting a federal lawsuit is not and should not be simply a matter of spending five minutes filling out a one paragraph narrative of conclusory claims on a printed form. The barebones allegations in Plaintiff's Complaint do not meet the minimal threshold necessary to sustain a claim, even under the liberal standards accorded to *pro se* litigants. The complaint should be dismissed. To hold otherwise would significantly prejudice the Defendant in its ability to respond to, investigate and defend claims that are not even remotely described, defined, or articulated in the Complaint. It would also invite further frivolous and unspecified

claims to be filed by sending a message that defendants can be compelled to respond and defend specious and unsubstantiated claims with no threshold requirement of a showing as to their factual and legal basis.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully submitted that Plaintiff's Complaint should be dismissed for failure to state a claim.

> Respectfully submitted,
>
> **McCARTER & ENGLISH, LLP**
>
> By:  /s/ Katharine L. Mayer
> Katharine L. Mayer (DE Bar ID #3758)
> Renaissance Centre
> 405 N. King Street, 8th Floor
> Wilmington, DE  19801
> (302) 984-6300
> (302) 984-6399 (fax)
>
> *Attorneys for Defendant, TemPay, Inc.*

# EXHIBIT A

# Select A Case

**This person is a party in 10 cases.**

| | | |
|---|---|---|
| 1:07-cv-00376-JJF | Boyd v. Wilmington Trust Co. | filed 06/25/07 |
| 1:07-cv-00377-JJF | Boyd v. Tempay | filed 06/25/07 |
| 1:07-cv-00378-JJF | Boyd v. Nannas | filed 06/25/07   closed 07/30/07 |
| 1:07-cv-00379-JJF | Boyd v. United States Golf Association | filed 06/25/07 |
| 1:07-cv-00578-JJF | Boyd v. Morris | filed 09/24/07 |
| 1:07-cv-00579-JJF | Boyd v. Boyd | filed 09/24/07 |
| 1:07-cv-00580-JJF | Boyd v. Boyd | filed 09/24/07 |
| 1:07-cv-00581-JJF | Boyd v. Insurance & Financial Services | filed 09/24/07 |
| 1:07-cv-00582-JJF | Boyd v. Stratus Services Group Inc. | filed 09/24/07 |
| 1:07-cv-00583-JJF | Boyd v. Garrettson | filed 09/24/07 |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/08/2007 17:51:29 | | | |
| PACER Login: | me0021 | Client Code: | 099999-00001-2667 |
| Description: | Search | Search Criteria: | Last Name: boyd First Name: william |
| Billable Pages: | 2 | Cost: | 0.16 |

## **CERTIFICATE OF SERVICE**

I, Katharine L. Mayer, one of the attorneys of record for Defendant, TemPay, hereby certify that on this 8th day of November, 2007, I caused a true copy of the within *Brief in Support of Defendant's Motion to Dismiss For Failure to State a Claim* to be served upon counsel of record via the CM/ECF-File and Serve system and to be placed in the United States First Class Mail, postage prepaid, addressed as follows:

> Mr. William Boyd
> 602 Tamara Circle
> Newark, Delaware  19711

> /s/ Katharine L. Mayer
> Katharine L. Mayer (DE Bar ID #3758)

ME1 6899372v.1