ORIGINAL

| | |
|---|---|
| WILLIAM BOYD, | > |
| Plaintiff | > |
| VS. | > Civ. No. 07-377-JJF |
| TEMPAY, Inc., | > |
| Defendant | > |

Plaintiff
William Boyd
602 Tamara Circle
Newark, DE 19711
(302) 368-9049

Defendant
Tempay
20600 Chagrin Blvd, Ste 503
Cleveland, OH 44122

Date: 11/30/07

## RESPONSE TO DEFENDANTS MOTION TO DISMISS

### FACTS

Tempay is a factoring company that lends money to companies by buying the invoices of that company for collateral. Tempay has a territory across the United States. Tempay bases their interest rate on the amount of each invoice and the time it takes to get paid. Factoring companies charge a much higher interest rate to lend money than conventional ways.

Tempay was providing their services to William Boyd's company Allstaff, Inc. for numerous years. Allstaff, Inc. is a temporary agency that sends out workers in numerous states (DE, PA, MD, and NJ). Tempay has also provided their services to Jack Boyd over ten years ago.

### RESPONSE

I claim that Tempay has violated my rights on the grounds of the antitrust laws. Also, Tempay has committed embezzlement, extortion, identity theft, bank fraud to destroy my company (Allstaff, Inc.).

Tempay has conspired with Jack Boyd, Krista Garrettson, Wilmington Trust, Insurance and Financial Services, Harry Morris, Stratus, Robin Rizzo, and all of Tempay's clients. This conspiracy has eliminated William Boyd's Allstaff, Inc from ever competing in this industry. Temp Pay has set up and provided their financial services for Jack Boyd and Krista Garrettson so John Boyd and Krista Garrettson could handle all of Allstaff's accounts. Temp Pay, John Boyd, Krista Garrettson, Wilmington Trust and Insurance and Financial Services embezzled money from Allstaff. Temp Pay withheld Allstaff's clients and employees information after John Boyd and Krista Garrettson stolen all information about clients and employees, stole computers, files, furniture, office equipment from the office of Allstaff. Without my knowledge, Tempay had a previous contract with John Boyd and Krista Garrettson for the accounts that John Boyd was stealing from Allstaff.

Temp Pay has a conspiracy with John Boyd, Krista Garrettson, Wilmington Trust, Insurance and Financial Services, Harry Morris, Robin Boyd and all of Temp Pays clients. The conspiracy picks and chooses who will succeed and who will fail in this horizontal market. Temp Pay has injured competition in this horizontal market. Temp Pay picking and choosing who will succeed and who will fail (by embezzlement, theft and withholding client and employee information) eliminates all chances of fair competition. These actions restrain trade in this horizontal market. These action, also,

have adverse effect on the interstate commerce (since both Tempay and Allstaff does business in several states across the country). Tempay has clients across the United States and Allstaff serviced Delaware, Maryland, Pennsylvania and New Jersey. Tempay's involvement with embezzlement, extortion, identity theft, and forgery is anticompetitive conduct that gives them monopoly power (that they use illegally) over this horizontal market.

**SUMMARY**
Tempay violates the Sherman Act Section 1 and 2.
Also, Tempay committed bank fraud, forgery, embezzlement, identity theft, extortion and stealing (theft).
Tempay conspired with John Boyd, Krista Garrettson, Wilmington Trust, Robin (Rizzo) Boyd, Insurance and Financial Services, Harry Morris, Stratus and all of Tempay's clients to eliminate Allstaff's ability to compete in this horizontal market. Tempay gave John Boyd loans and other funds that were in Allstaff's name (and responsibility) without me ever knowing about it. Allstaff received no benefits from these loans. Tempay, John Boyd and Krista Garrettson embezzled these funds from Allstaff. Tempay was in co-conspiracy with John Boyd and Krista Garrettson in stealing all of the client information, employee information, computers, files and office equipment. Tempay had John Boyd as a client for sometime before the robbery without me knowing. Tempay refused to let me have any information of my clients and employees after the robbery. Tempay refused to show any financial records of the past.

Sherman Act Sec. 1

Section I of the Sherman Act, 15 U.S.C. §1, requires that I plead an agreement exists between two or more entities and that the agreement unreasonably restrains trade. The agreement between Tempay, John Boyd, Krista Garrettson, Wilmington Trust, Robin Boyd, Insurance and Financial Services, Stratus Services and Harry Morris creates a horizontal market division which isolates the financing needed and the temporary employment clients for construction and industrial field. They pick and choose who is going to succeed in this market. They committed bank fraud, forgery, embezzlement, identity theft, extortion and stealing (theft). This agreement and these actions that they agree on performing eliminates free trade of this horizontal market which creates an unreasonably restrain of trade in this market.

Sherman Act Sec. 2

Section II of the Sherman Act, 15 U.S.C. §2, prevents persons who monopolize or attempt to monopolize and persons who conspire to monopolize "any part of the trade or commerce among the several states". Tempay, John Boyd, Krista Garrettson, Wilmington Trust, Robin Boyd, Insurance and Financial Services, Stratus Services and Harry Morris have monopolized, attempt to monopolized and conspired to monopolize

the temporary employment clients for construction and industrial workers and the financing needed among several states.

Tempay has clients in several states and Allstaff, Inc.'s services several states and had clients from several states. Through Tempay's, John Boyd's, Krista Garrettson's, Wilmington Trust's, Robin Boyd's, Insurance and Financial Services', Stratus Services' and Harry Morris' bank fraud, forgery, embezzlement, identity theft, extortion and stealing (theft) being willfully committed; this achieves and maintains the monopoly power. These anticompetitive actions foreclose competition and conspirers to monopolize this horizontal market of the temporary employment construction and industrial clients and the financing needs.

I respectfully ask this honorable Court to deny the Tempay's motion to dismiss. In the alternative, I respectfully request that the Court allow me a reasonable time to retain counsel and amend my complaint. I thank the Court in advance for its time and understanding in this matter.

Respectfully,

*William Boyd*
William Boyd

Date: 11/30/07

CC:
Defendants Council
Katharine L. Mayer
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
(302) 984-6399 (fax)

# CERTIFICATE OF SERVICE

I, William Boyd, hereby certify that on November 30, 2007, I delivered and served a true and correct copy of Petitioner's Response to the "Defendant's Opening Brief in Support of Its Motion to Dismiss" to the Clerk of Court of the USDC of Delaware for civil action number 07-377.

I further certify that I served a true and correct copy of the foregoing document on the Defendant Tempay's (Tempay, Inc.) Council Katharine L. Mayer in the manner of priority mail.

Thank you,

William Boyd
602 Tamara Circle
Newark, DE 19711
(302) 368-9049

Defendant's Council info:
Katharine L. Mayer
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
(302) 984-6399 (fax)