IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM BOYD, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. Action No. 07-377-JJF |
| | : |
| TEMPAY, | : |
| | : |
| Defendant. | : |

William Boyd, Newark, Delaware. <u>Pro se</u> Plaintiff.

Katharine L. Mayer, Esquire, McCarter & English, LLP, Wilmington, Delaware. Attorney for Defendant Tempay.

**MEMORANDUM OPINION**

April 18, 2008
Wilmington, Delaware

**Farnan, District Judge**

    Plaintiff William Boyd ("Plaintiff") filed his Complaint on June 12, 2007. (D.I. 2.) He proceeds pro se and has been granted leave to proceed in forma pauperis. (D.I. 4.) Presently before the Court is Defendant's Motion To Dismiss, and responses and replies, thereto. (D.I. 8, 9, 10, 11, 12.) For the reasons set forth below, the Court will grant Defendant's Motion To Dismiss and will give Plaintiff leave to amend the Complaint.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

    On May 2, 2007, Plaintiff filed this Complaint against Defendant Tempay ("Defendant"). The Complaint alleges that Defendant "embezzled money, withheld crucial information, and extortion against [Plaintiff] and [his] company. [Defendant] granted loans to [Plaintiff's] office manager that [Plaintiff] was technically responsible for. [Defendant] eliminated [Plaintiff] for holding onto [his] customers. [Defendant] sent checks that [Plaintiff] never benefitted from." (D.I. 2.)

    Following service, Defendant filed its Motion To Dismiss. (D.I. 8.) It moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiff fails to state a claim upon which relief may be granted. (D.I. 8, 9.) More particularly, it argues that "the Complaint fails to allege fundamental facts and circumstances relating to the claimed involvement of Defendant in the matters alleged to have caused Plaintiff harm." (D.I. 9 at

2.) Plaintiff's response contains an assortment of new allegations, but particularly argues that Defendant violated the Sherman Act, 15 U.S.C. §1 and § 2. Plaintiff asks the Court to deny the Motion To Dismiss or, in the alternative, to grant him leave to amend the Complaint and to retain counsel. (D.I. 10.)

## II. STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. ANALYSIS

The Complaint as it now stands, fails to state a claim upon which relief may be granted. Plaintiff merely makes blanket

assertions of entitlement to relief. The Complaint does not refer to a single statute or provide facts sufficient to enable Defendant to respond to the allegations against it. Plaintiff's response is quite detailed, and therein he now alleges violations of the Sherman Act. Defendant argues that amendment is futile, and Plaintiff should not be allowed to amend his complaint.

Plaintiff, however, did not submit a proposed amended complaint, but merely made argument to support his position that the Motion To Dismiss should denied or that he should be allowed to amend. Because Plaintiff proceeds pro se, his pleadings are held to less stringent standards that those filed by attorneys. Accordingly, the Court will grant Plaintiff leave to amend the Complaint.

**IV. CONCLUSION**

Based upon the foregoing, the Court will grant Defendant's Motion To Dismiss. (D.I. 8.) Plaintiff will be given leave to file an Amended Complaint. An appropriate Order will be entered.