IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM BOYD, | : | CIVIL ACTION NO. 07-377-JJF |
| Plaintiff, | : | |
| v. | : | |
| TEMPAY, | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

**I.     PRELIMINARY STATEMENT**

This action is one of ten *pro se* actions filed in this Court by Plaintiff over a period of three months, asserting claims against various defendants including an accountant, an insurance and financial services firm, the United States Golf Association, family members, Wilmington Trust Company, and TemPay, the defendant herein. Plaintiff's original Complaint was filed on June 12, 2007. The allegations in the original Complaint, *in toto*, were as follows:

> TemPay embezzled money, withheld crucial information, and extortion against me and my company. They granted loans to my office manager that I was technically responsible for. TemPay eliminated me for (sic) holding on to my customers. They sent checks that I never benefited from. I request a demand of a jury.

Based upon the minimal statement of facts noted above, Mr. Boyd sought, in his prayer for relief, the following:

> I would pray for compensation of my lost business. Also, compensated for all the check I never got and did not benefit me. Pay for damages it caused me.

Defendant, TemPay, Inc. ("TemPay") (referred to in the Complaint and the Amended Complaint as "Tempay") filed a Motion to Dismiss the Complaint for Failure to State a Claim upon which Relief can be Granted. In response, Plaintiff re-characterized his claims as antitrust claims under the Sherman Act and asked the Court for an opportunity to cure the deficiencies in his initial pleading, closing his responsive brief with the following prayer for relief :

> I respectfully ask this honorable Court to deny the Tempay's motion to dismiss. In the alternative, I respectfully request that the Court allow me a reasonable time to retain counsel and amend my complaint…

In its Opinion and Order dated April 18, 2008 ("Boyd TemPay I") (Exhibit "A"), this Court granted Defendant's Motion to Dismiss, finding that:

> The Complaint as it now stands, fails to state a claim upon which relief may be granted. Plaintiff merely makes blanket assertions of entitlement to relief. The Complaint does not refer to a single statute or provide facts sufficient to enable Defendant to respond to the allegations against it.

The Court's Order granted the Motion to Dismiss the original Complaint, but provided plaintiff with leave to retain counsel and file an Amended Complaint within thirty days, as he had requested.

Plaintiff did not retain counsel. Instead, he has filed a *pro se* Amended Complaint that does nothing more than parrot the conclusory allegations of his response to the Motion to Dismiss the original Complaint. Plaintiff was given fair warning of the pleading standards to which his amended pleading would be held, both by the filing of the original Motion to Dismiss and by this Court's opinion in Boyd Tempay I. Two things are now clear. Plaintiff's Amended Complaint falls far short of the minimal requirements needed to survive a motion to dismiss. Granting further opportunity to amend would be not only futile, it would be a waste of time for

2

the parties and the Court. For the reasons that follow, Plaintiff's Amended Complaint should be dismissed, with prejudice.

## II.   STATEMENT OF FACTS

Plaintiff's Amended Complaint sets forth a scattershot litany of claimed wrongdoing by TemPay all of which is alleged to support two counts for relief, claims under Section 1 and Section 2 of the Sherman Act, 15 U.S.C. § 1 *et seq.* The amended complaint, like the response in opposition to the Motion to Dismiss the original complaint, is replete with code words, labels and conclusions (e.g. horizontal market, monopoly power, bank fraud, forgery, embezzlement, extortion) but contains no specific factual allegations that are linked to the legal theories pleaded in a manner that states any claim, much less a plausible claim for relief.

Wading through the conclusory and disjointed references to a host of alleged misdeeds, the thrust of plaintiff's claim has not really changed. It is that TemPay, which plaintiff admits had a prior relationship with John Boyd and Krista Garretson, allegedly "gave loans" to John Boyd and Krista Garretson for which, it is alleged, Bill Boyd and Allstaff were "responsible" and that TemPay refused to provide information to Plaintiff with respect to these loans.

From these sketch factual averments (which are lacking in any specificity as to time, place and relationship to the legal theories pleaded) Plaintiff alleges a conspiracy to commit bank fraud, forgery, embezzlement identity theft, extortion and unspecified restraints of trade all of which are alleged to constitute violations of the Sherman Act, 15 U.S.C. § 1 *et seq.*

## III.   ARGUMENT

Pursuant to Fed.R.Civ.P. 12(b)(6) on a Motion to Dismiss the Court must accept all factual allegations in a Complaint as true and take them in the light most favorable to the Plaintiff. *Erickson v. Partis*, ____ U.S. ____, 127 S.Ct. 2197, 2200 (2007). A complaint must

3

contain a 'short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Opinion Granting First Motion to Dismiss dated April 18, 2008 (Boyd 1) at 3, quoting from *Bell Atlantic v. Twombly, supra.*

As this Court further observed, in Boyd TemPay 1, at pages 3-4, again referring to *Bell Atlantic v. Twombly, supra*:

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact).

*Twombly* was (like this case in its current iteration based upon the Amended Complaint) an antitrust case asserting violations of Section 1 of the Sherman Act. Despite a far more detailed and carefully drawn complaint, the Supreme Court held that the factual allegations did not rise to the level sufficient to support a claim of conspiracy to restrain trade in violation of the Sherman Act, noting that it was not sufficient to allege parallel conduct and to argue that one can infer from such conduct the existence of a conspiracy. The Court held that antitrust plaintiff must specifically plead the existence of an agreement that has as its purpose an unlawful restraint of trade. The facts as pleaded must be such as to give a claim "plausibility" in order to allow the matter to proceed and expose the parties and the Court to an inevitably lengthy and expensive period of pre trial discovery. *Twombly, supra*, 127 S.Ct. at 1967-1968.

Plaintiff's Amended Complaint falls far short of this standard. Accepting all of plaintiff's fanciful allegations as true for purposes of this motion[1], at best Boyd is alleging harm to him and his business, but not otherwise alleging specific facts supporting an agreement or conspiracy to

---

[1] If the motion is denied, a responsive pleading will be filed denying these allegations, which are and will be contested by TemPay.

4

restrain trade in the marketplace sufficient to state a claim under federal antitrust law. He seems to be arguing that because he and business entities that he claims to own (and which are not parties to this action) were harmed by the actions of TemPay, that harm necessarily impacted competition in the marketplace by weakening his ability to operate and therefore compete.[2] Applying the logic of Plaintiff's pleading, every allegation of breach of contract or business tort would state a claim for relief under the Sherman Act under the theory that the complained of conduct harmed the plaintiff and thereby weakened its ability to compete in the marketplace. That is clearly not the type of competitive injury that the Sherman Act was intended to protect. If it were, federal courts would be deluged with such claims in an effort to secure the treble damages and counsel fees remedies provided in a statute clearly intended to redress specific anticompetitive misconduct. As the United States Supreme Court has observed

> The antitrust laws . . . were enacted for the protection of competition, not competitors…

*Brunswick Corp. v. Pueblo Bowl-O-Mat*, 429 U.S. 477, 489 (1977).

As a result of Plaintiffs' failure to set forth clear and plausible claims as required by the Federal Rules, Defendant is left, once again, to speculate as to the factual basis for the claims asserted in a case in which Plaintiff purports to claim damages in excess of one million dollars. Even given the liberality with which *pro se* pleadings are viewed by the court, the Complaint at issue fails to meet even minimal standards to permit this matter to move forward in this Court. As the court observed in Peck v. Merletti, 64 F.Supp. 2d 599 (D.Va. 1999), even *pro se* litigants must state their claims in an understandable manner.

---

[2] There is no allegation (nor could there be) that TemPay is a competitor of plaintiff or of any of the other parties who are alleged to be part of the conspiracy.

### A. Plaintiff Does Not Have Standing To Assert Claims Under Sherman Act

To establish standing to maintain a claim under the Sherman Act, Boyd must allege "that the challenged action has had an *actual* adverse effect on competition as a whole in the relevant market; to prove that [he] was harmed as an individual competitor will not suffice." *Bologna v. Allstate Inc. Co.*, 138 F. Supp. 2d 310, 319 (E.D.N.Y. 2001) (*quoting George Haug Co., Inc. v. Rolls Royce Motor Cars, Inc.*, 148 F.3d 136, 139 (2d Cir. 1998)). "The relevant market must be defined according to both geography and the product or service at issue." *Hunter Douglas, Inc. v. Comfortex Corp.*, 44 F. Supp. 2d 145, 151 n.9 (N.D.N.Y. 1999).

Plaintiff's amended complaint purports to assert claims on behalf of or for the benefit of entities (Allstaff, Inc. and B and R, Inc.) in which Plaintiff claims to have an ownership interest but which are not parties to this action. None of these allegations, which are merely conclusory assertions of legal theories alleged to support the relief requested, contain a sufficient factual predicate to sustain the claims asserted. Even if they did, it is clear as a matter of law that plaintiff Boyd has no standing to assert claims belonging to Allstaff, Inc. and B&R, Inc. both or which are separate incorporated entities. *See, e.g., Borkowski v. Fraternal Order of Police, Philadelphia Lodge No. 5,* 155 F.R.D. 105, 113, (E.D.Pa. 1994) (in the absence of direct individual injury, a corporate shareholder or officer lacks standing to sue for an injury to the corporation); *Deaktor v. Fox Grocery Company*, 332 F.Supp. 536, 541 (W.D. Pa. 1971) (shareholders and employees of a corporation have no claim for relief under the antitrust laws for injuries they suffer as a consequence of the injury done to a corporation by a defendant's conduct in violation of the antitrust laws).

B.  **Boyd's Amended Complaint Does Not Assert Sufficient Facts To State A Claim Under Section 1 Of The Sherman Act.**

Courts do not permit antitrust claimants under Section 1 to set in motion costly antitrust discovery merely by using the buzz word "conspiracy." *See, e.g., Twombly*, 127 S. Ct. at 1966-67 (holding that the antitrust conspiracy alleged must be "plausible" in order to survive a motion to dismiss). Boyd "must do more than merely allege that a conspiracy exists, [he] must provide some factual basis for that allegation." *Twombly, supra*, *Telsat v. Entertainment & Sports Programming Network*, 753 F. Supp. 109, 115 (S.D.N.Y. 1990); *see also Fuentes v. South Hills Cardiology*, 946 F.2d 196, 201 (3d Cir. 1991). Boyd has not pleaded facts meeting this burden.

The Third Circuit has expressly rejected conclusory assertions of a conspiracy similar to those made by Boyd. *See e.g., Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("Only allegations of conspiracy which are particularized … will be deemed sufficient."). S*ee also Medtronic Minimed Inc. v. Smiths Med. MD Inc.*, 371 F. Supp. 2d 578, 586-87 (D. Del. 2005). In other words, Boyd's amended complaint must set forth specific factual allegations, consistent with and subject to the good faith requirements of Fed.R.C.P. No. 11, that make plausible a claim that TemPay possessed and utilized monopoly power to "foreclose competition" in the relevant market. *Medtronic*, 371 F. Supp. 2d at 586-87 (*quoting United States v. Dentsply Int'l, Inc.*, 399 F.3d 181, 191 (3d Cir. 2005)). Boyd has not done so and cannot do so.

C.  **Boyd's Amended Complaint Does Not Assert Sufficient Facts To State A Claim Under Section 2 Of The Sherman Act.**

Boyd has failed to allege facts evidencing the relevant market. That defect is fatal to his Section 2 claim. *Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338, 1348 (3d Cir. 1975).

7

Furthermore, Boyd has not alleged any facts demonstrating that the TemPay had a "specific intent to monopolize" or that the TemPay engaged in "anticompetitive conduct."

### D.   The Amended Complaint Should Be Dismissed With Prejudice.

In response to TemPay's Motion to Dismiss the original Complaint, Plaintiff requested the opportunity to retain counsel and file an amended complaint. He was given that opportunity. For the reasons set forth above, his Amended Complaint must be dismissed. This time, the dismissal should be with prejudice. The factual underpinning of plaintiff's claims has not changed. Further amendment of the complaint would be futile. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (citations omitted); *see also Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir. 1990) (denying *pro se* plaintiffs' motion to amend because the amendment would not cure the "fundamental defects" in the complaint).

## IV.   CONCLUSION

For the foregoing reasons, it is respectfully submitted that Plaintiff's Complaint should be dismissed, with prejudice, for failure to state a claim.

          Respectfully submitted,

          **McCARTER & ENGLISH, LLP**

Dated: May 28, 2008    By:   /s/ Katharine L. Mayer
          Katharine L. Mayer
          Renaissance Centre
          405 N. King Street, 8th Floor
          Wilmington, DE  19801
          (302) 984-6300
          (302) 984-6399 (fax)
          *Attorneys for Defendant, TemPay, Inc.*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM BOYD,                          :
                                       :
        Plaintiff,                     :
                                       :
    v.                                 : Civ. Action No. 07-377-JJF
                                       :
TEMPAY,                                :
                                       :
        Defendant.                     :

---

William Boyd, Newark, Delaware. Pro se Plaintiff.

Katharine L. Mayer, Esquire, McCarter & English, LLP, Wilmington, Delaware. Attorney for Defendant Tempay.

---

**MEMORANDUM OPINION**

April 18, 2008
Wilmington, Delaware

**Farnan,** District Judge

  Plaintiff William Boyd ("Plaintiff") filed his Complaint on June 12, 2007. (D.I. 2.) He proceeds <u>pro se</u> and has been granted leave to proceed <u>in forma pauperis</u>. (D.I. 4.) Presently before the Court is Defendant's Motion To Dismiss, and responses and replies, thereto. (D.I. 8, 9, 10, 11, 12.) For the reasons set forth below, the Court will grant Defendant's Motion To Dismiss and will give Plaintiff leave to amend the Complaint.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

  On May 2, 2007, Plaintiff filed this Complaint against Defendant Tempay ("Defendant"). The Complaint alleges that Defendant "embezzled money, withheld crucial information, and extortion against [Plaintiff] and [his] company. [Defendant] granted loans to [Plaintiff's] office manager that [Plaintiff] was technically responsible for. [Defendant] eliminated [Plaintiff] for holding onto [his] customers. [Defendant] sent checks that [Plaintiff] never benefitted from." (D.I. 2.)

  Following service, Defendant filed its Motion To Dismiss. (D.I. 8.) It moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiff fails to state a claim upon which relief may be granted. (D.I. 8, 9.) More particularly, it argues that "the Complaint fails to allege fundamental facts and circumstances relating to the claimed involvement of Defendant in the matters alleged to have caused Plaintiff harm." (D.I. 9 at

2.) Plaintiff's response contains an assortment of new allegations, but particularly argues that Defendant violated the Sherman Act, 15 U.S.C. §1 and § 2. Plaintiff asks the Court to deny the Motion To Dismiss or, in the alternative, to grant him leave to amend the Complaint and to retain counsel. (D.I. 10.)

**II. STANDARD OF REVIEW**

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. ANALYSIS

The Complaint as it now stands, fails to state a claim upon which relief may be granted. Plaintiff merely makes blanket

-4-

assertions of entitlement to relief. The Complaint does not refer to a single statute or provide facts sufficient to enable Defendant to respond to the allegations against it. Plaintiff's response is quite detailed, and therein he now alleges violations of the Sherman Act. Defendant argues that amendment is futile, and Plaintiff should not be allowed to amend his complaint.

Plaintiff, however, did not submit a proposed amended complaint, but merely made argument to support his position that the Motion To Dismiss should denied or that he should be allowed to amend. Because Plaintiff proceeds pro se, his pleadings are held to less stringent standards that those filed by attorneys. Accordingly, the Court will grant Plaintiff leave to amend the Complaint.

### IV. CONCLUSION

Based upon the foregoing, the Court will grant Defendant's Motion To Dismiss. (D.I. 8.) Plaintiff will be given leave to file an Amended Complaint. An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM BOYD,                      :
                                   :
        Plaintiff,                 :
                                   :
    v.                             : Civ. Action No. 07-377-JJF
                                   :
TEMPAY,                            :
                                   :
        Defendant.                 :

**ORDER**

NOW THEREFORE, at Wilmington this __18__ day of April, 2008, IT IS HEREBY ORDERED that:

1. Defendant's Motion To Dismiss (D.I. 8) is **GRANTED**.

2. Plaintiff is given **LEAVE** to file an Amended Complaint and to retain counsel.

3. The Amended Complaint shall be filed within **thirty (30) days** from the date of this Order. If an Amended Complaint is not filed within the time allowed, it will be deemed Plaintiff stands on his Complaint and an Order will be entered closing the case.

                                    _____
                                    UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I, Katharine L. Mayer, one of the attorneys of record for Defendant, TemPay, Inc. hereby certify that on this 28th day of May, 2008, I caused a true copy of the within *Motion to Dismiss, Memorandum in Support of Defendant's Motion to Dismiss For Failure to State a Claim, Proposed Order and this Certificate of Service* to be placed in the United States First Class Mail, postage prepaid, addressed as follows:

> Mr. William Boyd
> 602 Tamara Circle
> Newark, Delaware  19711

    /s/ Katharine L. Mayer
Katharine L. Mayer (DE Bar ID #3758)