## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| WILLIAM BOYD, | : | CIVIL ACTION NO. 07-377 JJF |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| TEMPAY, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION
## TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

**McCARTER & ENGLISH, LLP**
Katharine L. Mayer (DE Bar ID #3758)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801
(302) 984-6300
(302) 984-6399 (fax)

*Attorneys for Defendant, TemPay, Inc.*

Dated:  June 9, 2007

# TABLE OF CONTENTS

I.    PLAINTIFF'S AMENDED COMPLAINT, EVEN AS "CORRECTED",
FAILS TO STATE A CLAIM FOR RELIEF .................................................... 1

II.   FURTHER AMENDMENT WOULD BE FUTILE ......................................... 3

III.  DISMISSAL OF PLAINTIFF'S CLAIMS WITH PREJUDICE IS WARRANTED ... 3

IV.   CONCLUSION ............................................................................................ 5

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ...................................................3, 4

*Eagle Associates v. Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991) ..............................2

*James v. Daley and Lewis et.al.*, 406 F. Supp. 645 (D.Del. 1976) .....................................2

*United States v. Cocivera*, 104 F.3d 566 (3d Cir. 1996)......................................................2

### FEDERAL STATUTES AND RULES

15 U.S.C. §1, *et. seq*..............................................................................................................1

28 U.S.C. §1654 .....................................................................................................................2

Fed. R. Civ Pro. No. 15 (a)(2)................................................................................................2

Local Rule 7.1.3 (b) ...............................................................................................................4

Defendant TemPay, Inc. ("TemPay") submits this brief Reply to the Response of Plaintiff William Boyd ("Boyd") (Docket No. 19) to Defendant's Motion to Dismiss (No. 17 & 18) the Amended Complaint (No.16).

## I.     PLAINTIFF'S AMENDED COMPLAINT, EVEN AS "CORRECTED", FAILS TO STATE A CLAIM FOR RELIEF

For the reasons set forth in Defendant's moving brief, Plaintiff's Amended Complaint falls far short of the pleading standards required by the Federal Rules of Civil Procedure, the substantive requirements of the Sherman Act, 15 U.S.C. §1, *et. seq.,* and recent decisions of the United States Supreme Court addressing both the substantive and pleading requirements of a Sherman Act claim.  Plaintiff's response does nothing to counter these arguments, and he cannot do so because his claims, while full of sound and fury, are devoid of substance and totally lacking in any factual basis.

By way of example, in TemPay's original motion to dismiss, TemPay raised, among other issues, the fact that the thrust of the claims asserted were on behalf of corporate entities that are not parties to the case.  See Defendant's Reply Brief In Support of Defendant's Motion to Dismiss for Failure to State a Claim (Docket No. 11), a copy of which is attached as Exhibit "A", at pages 2-3.  The Court dismissed the complaint, but granted Plaintiff leave to retain counsel and file an amended complaint.  Plaintiff thereafter filed a *pro se* amended complaint that failed to address the issue of his standing to assert claims on behalf of the corporate entities involved. TemPay moved again to dismiss asserting lack of standing (among other grounds) and once again Plaintiff says "let me amend", this time under the guise of an "Amended Complaint

1

Correction[1]" that purports to add four new party plaintiffs. Even a *pro se* Plaintiff should not be given unlimited bites at the apple.

Plaintiff's purported amendment to add new corporate parties must fail for the additional reason that a corporation or other business entity may not be represented, *pro se,* by a corporate officer or individual who is not an attorney. It is well settled law in the federal courts generally and in this Circuit and this District that a Corporation can only appear through counsel. *See, e.g. United States v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1996)( "it has been the law for the better part of two centuries. . . that a corporation may appear in the federal courts only through licensed counsel"); *James v. Daley and Lewis et.al.*, 406 F.Supp. 645 (D.Del. 1976). *Accord*, *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991)(holding that individual may not represent partnership entity, interpreting 28 U.S.C. §1654 to permit parties to conduce only their own cases, *pro se*, and not as a representative of an organization).

Moreover, even if the new corporate parties were properly before the Court as plaintiffs in this action, the "Corrected Amended Complaint" still fails to come even close to meeting the threshold pleading standards to state a claim for relief that complies with the Federal Rules of Civil Procedure. The Amended Complaint even with the "Amended Complaint Correction" fails to set forth specific facts detailing the involvement of each of the plaintiffs now sought to be added and the nature and extent of the conduct purporting to support claims against TemPay by each of the Plaintiffs. Apparently, Plaintiff's notion of factual specificity is to state (as he now does, for the first time in his responsive papers filed in opposition to the latest motion to dismiss

---

[1] Plaintiff's consistent disregard for the rules of this Court is demonstrated once again by this filing. He requested neither leave of Court nor consent of Defendant as required by Fed. R. Civ Pro. No. 15 (a)(2) before filing his "Amended Complaint Correction". To the extent the Court construes Plaintiff's Responsive papers as a Motion for Leave to file the "Amended Complaint Correction", TemPay opposes that motion for the reasons stated herein.

after yet another conclusory assertion of a host of alleged criminal offenses), that "These actions[2] have been going on predominately (but not limited to) from 2006 through 2003".  Plaintiff's response, page 2.

Despite being given ample opportunity to engage counsel, plaintiff did not do so.  Despite being given an opportunity to file an amended complaint properly stating his claims, plaintiff filed an Amended Complaint that fails woefully to address the deficiencies pointed out in the Court's Opinion and Order dismissing his original complaint.  Plaintiff's Amended Complaint should be dismissed for failure to state a claim.

## II.      FURTHER AMENDMENT WOULD BE FUTILE

Like he did in response to the original motion to dismiss, Plaintiff's response seeks to restate claims, this time under the guise of a proposed "Amended Complaint Correction".  This proposed amendment further reinforces the point made in Defendant's moving brief, namely that further amendment of the Complaint would be futile.  Even if the Amended Complaint were construed to be further amended by the "Amended Complaint Correction", it is clear that resulting pleading does not and cannot be brought into conformity with the pleading requirements necessary to state a claim for relief under the Sherman Act.

## III.     DISMISSAL OF PLAINTIFF'S CLAIMS WITH PREJUDICE IS WARRANTED

In *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007), the United States Supreme Court observed, in discussing the need for specificity in pleading in claims of this type:

> [S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with "'a largely groundless claim'" be allowed to "'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" . . .

---

[2] As with most of the allegations in plaintiff's papers, Defendants and the Court are left to speculate as to what the specific actions are that are referred to in this statement, how they are claimed to have injured each of the Plaintiffs and how they fit into Plaintiff's claims of a violations of the Sherman Act.

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.

127 S.Ct. at 1966.

The record in this case and the docket entries with respect to other cases filed by Plaintiff reflect that Plaintiff is a serial filer who will continue, so long as the Court permits him to do so, to file vexatious and frivolous positions without regard to the Court rules[3], the substantive law, the facts or the rulings of this Court.  Dismissal with prejudice is both warranted and necessary in order to avoid undue expense to a blameless defendant and undue allocation of further judicial resources to a patently baseless claim.

---

[3] Local Rule 7.1.3 (b) provides that after the filing of a Reply Brief:

> Except for citation of subsequent authorities, no additional papers shall be filed absent Court approval.

Plaintiff ignored this Rule in connection with the Motion to Dismiss the original Complaint by filing a "Supplemental Response" after TemPay's Reply in an effort to unilaterally give himself the last word. TemPay respectfully requests that, unless it is filed for purposes of bringing a subsequent authority to the Court's attention, that any further filing by Plaintiff on this motion be disregarded as not authorized by Local Rule 7.1.3 (b).

4

**IV.    <u>CONCLUSION</u>**

For the reasons set forth herein and in Defendant's initial moving papers, it is respectfully requested that an Order be entered dismissing Plaintiff's Complaint, as amended, with prejudice.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

Dated:  June 9, 2008          By:    /s/ Katharine L. Mayer
Katharine L. Mayer
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801
(302) 984-6300
(302) 984-6399 (fax)

*Attorneys for Defendant, TemPay, Inc.*

ME1 7433677v.1

## CERTIFICATE OF SERVICE

I, Katharine L. Mayer, one of the attorneys of record for Defendant, TemPay, Inc., hereby certify that on this 9th day of June, 2008, I caused a true copy of the within *Reply Brief in Support of Defendant's Motion to Dismiss For Failure to State a Claim* to be placed in the United States First Class Mail, postage prepaid, addressed as follows:

Mr. William Boyd
602 Tamara Circle
Newark, Delaware  19711

/s/ Katharine L. Mayer
Katharine L. Mayer (DE Bar ID #3758)

6

ME1 7433677v.1

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WILLIAM BOYD,

               Plaintiff,

      v.

TEMPAY, INC.,

               Defendant.

:     CIVIL ACTION NO. 07-377 (JJF)
:
:
:
:
:
:
:
:
:
:

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**McCARTER & ENGLISH, LLP**
Katharine L. Mayer (DE Bar ID #3758)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
(302) 984-6399 (fax)
kmayer@mccarter.com

*Attorneys for Defendant, TemPay, Inc.*

Dated: December 10, 2007

ME1 6975993v.1

## TABLE OF CONTENTS

PAGE

ARGUMENT ........................................................................................................... 1

I.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT
     LACKS SUFFICIENT FACTUAL ALLEGATIONS ESTABLISHING
     THAT BOYD HAS STANDING TO ASSERT A CLAIM UNDER THE
     SHERMAN ACT OR STATING A CLAIM THEREUNDER.....................................1

II.  THE NEW ALLEGATIONS IN BOYD'S BRIEF DO NOT CURE
     THE FATAL DEFICIENCIES IN HIS PLEADING ......................................................2

     A.   Boyd Has Not Established That He Has Standing To Maintain His
          Claims against TemPay ...........................................................................2

     B.   Boyd's Brief Does Not Assert Sufficient Facts To State A Claim
          Under Section 1 Of The Sherman Act....................................................3

     C.   Boyd's Brief Does Not Assert Sufficient Facts To State A Claim
          Under Section 2 Of The Sherman Act....................................................4

     D.   Boyd Had Not Asserted Facts Sufficient To Establish A Conspiracy
          To Monopolize.........................................................................................5

III. BOYD'S REQUEST TO AMEND HIS COMPLAINT SHOULD
     BE DENIED BECAUSE IT WOULD BE FUTILE.........................................................5

CONCLUSION ......................................................................................................7

# TABLE OF CITATIONS

**PAGE**

*Bell Atl. Corp. v. Twombly,*
    127 S. Ct. 1955 (2007)............................................................................................1,2,3

*Borkowski v. Fraternal Order of Police, Philadelphia Lodge No. 5,*
    155 F.R.D. 105 (E.D. Pa. 1994)..................................................................................3

*Boyd v. Nannas,*
    C.A. No. 07-378-JJF, Mem. Op. (D. Del. July 30, 2007)....................................1

*City of Pittsburgh v. West Penn Power Comp.,*
    147 F.3d 256 (3d Cir. 1998)........................................................................................2

*Commonwealth of Pennsylvania v. PepsiCo, Inc.,*
    836 F.2d 173 (3d Cir. 1987)........................................................................................1

*Deaktor v. Fox Grocery Company,*
    332 F.Supp. 536 (W.D. Pa. 1971) ..............................................................................3

*Fuentes v. South Hills Cardiology,*
    946 F.2d 196 (3d Cir. 1991).........................................................................................4

*Howard Hess Dental Laboratories, Inc. v. Dentsply International, Inc.,*
    ___ F. Supp. 2d ___, 2007 WL 2807292 (D. Del. Sept. 26, 2007) ....................................5

*Jablonski v. Pan Am. World Airways, Inc.,*
    863 F.2d 289 (3d Cir. 1988) ........................................................................................6

*Marian Bank v. Electronic Payment Servs., Inc.,*
    1997 WL 811552 (D. Del. Dec. 30, 1997)........................................................................4

*Medtronic Minimed Inc. v. Smiths Med. MD Inc.,*
    371 F. Supp. 2d 578 (D. Del. 2005)...............................................................................4

*Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.,*
    836 F.2d 173 (3d Cir. 1988) ........................................................................................4

*Roberts v. The Mayor and Burgesses of the London Borough of Brent,*
    2003 WL 21543889 (3d Cir. July 9, 2003)........................................................................6

*Superior Models, Inc. v. Tolkien Enterprises,*
    1981 WL 40556 (D. Del. Aug. 14, 1981) .........................................................................4

ii

*Telsat v. Entertainment & Sports Programming Network,*
    753 F. Supp. 109 (S.D.N.Y. 1990) ....................................................................................3

*Wages v. Internal Revenue Service,*
    915 F.2d 1230 (9th Cir. 1990) ........................................................................................6

*Zeising v. Kelly,*
    152 F. Supp. 2d 335 (S.D.N.Y. 2001)............................................................................ 1

ME1 6975993v.1

## ARGUMENT

I.    **THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT LACKS SUFFICIENT FACTUAL ALLEGATIONS ESTABLISHING THAT BOYD HAS STANDING TO ASSERT A CLAIM UNDER THE SHERMAN ACT OR STATING A CLAIM THEREUNDER.**

Rule 12(b)(6) motions test the sufficiency of a pleading.  A pleader must do more than merely incant labels, conclusions and the formulaic elements of a cause of action.  As this Court recently stated when dismissing another complaint filed by Boyd,:

> A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations … are true (even if doubtful in fact)."

*Boyd v. Nannas,* C.A. No. 07-378-JJF, Mem. Op. at 3-4 (D. Del. July 30, 2007) (*quoting Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007)).

In his answering brief, Boyd does not cite a single factual allegation *from his Complaint* as a basis for opposing the motion to dismiss filed by TemPay, Inc. ("TemPay").  Instead, Boyd attempts to overcome the fatal deficiencies in his pleading by seeking to inject new allegations that appear for the first time in his brief.  These new allegations are not properly before the Court on TemPay's motion to dismiss.  *See Zeising v. Kelly,* 152 F. Supp. 2d 335, 344 (S.D.N.Y. 2001) ("Plaintiff cannot 'cure' his pleading deficiencies in the complaint by addressing them in his motion papers."); *see also Commonwealth of Pennsylvania v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1987).

Boyd's introduction of new allegations in his responsive brief is an improper attempt to counter the primary thrust of Tempay's motion, which is that the complaint fails to allege facts

1

ME1 6975993v.1

that, accepted as true, would not establish claims upon which relief can be granted. Accordingly, this Court should dismiss Boyd's complaint.

## II. THE NEW ALLEGATIONS IN BOYD'S BRIEF DO NOT CURE THE FATAL DEFICIENCIES IN HIS PLEADING.

Even if the Court were to consider the new allegations in Boyd's brief, which now clearly focus the claim as an antitrust claim, the motion to dismiss should be granted. Boyd's new allegations are wholly conclusory and constitute nothing more than a "formulaic recitation of the elements of a cause of action" that the United States Supreme Court has explicitly rejected as a basis for asserting an antitrust claim. *Twombly*, 127 S. Ct. at 1965. As the Third Circuit Court of Appeals observed in affirming the dismissal of an antitrust claim that contained far more detailed allegations than those before the Court here:

> [W]e need not accept as true "unsupported conclusions and unwarranted inferences. . . Nor can we assume that the [plaintiff] can prove facts that it has not alleged...

*City of Pittsburgh v. West Penn Power Comp.,* 147 F.3d 256 (3d Cir. 1998).

### A. Boyd Has Not Established That He Has Standing To Maintain His Claims against TemPay.

A threshold standing flaw is revealed in plaintiff's expanded assertion of his claims in his brief. His allegations repeatedly refer to conduct that he says caused harm, not to him, but to a company known as Allstaff, Inc. By way of example only, the following allegations appear at pages 2 and 3 of Plaintiff's Response[1].

> 1.    Tempay has committed embezzlement extortion, identity theft, bank fraud to destroy my company (Allstaff, Inc). (Page 2 0f 5)

> 2.    This conspiracy has eliminated Willam Boyd's Allstaff, Inc. from ever competing in this industry.  (Page 2 of 5)

---

[1] The pages of Plaintiff's response are not numbered, so the page references are from the electronic filing stamp appearing at the top of the document.

ME1 6975993v.1

3.    TemPay has clients across the United States and Allstaff serviced Delaware, Maryland, Pennsylvania and new Jersey. (Page 3 of 5)

4.    TempPay, John Boyd, Krista Garrettson, Wilmington Trust and Insurance and Financial Services embezzled money from Allstaff. (Page 3 of 5)

5.    TemPay conspired with John Boyd, Krista Garrettson, Wilmington Trust, Robin (Rizzo) Boyd, Insurance and Financial Services, Harry Morris, Stratus and all of Tempay's clients to eliminate Allstaff's ability to compete in this horizontal market. (Page 3 of 5)(emphasis supplied)

None of these allegations, which are merely conclusory assertions of legal theories alleged to support the relief requested, contain a sufficient factual predicate to sustain the claims asserted. Even if they did, however, it is clear as a matter of law that plaintiff Boyd has no standing to assert claims belonging to Allstaff, Inc., a separate incorporated entity. *See, e.g., Borkowski v. Fraternal Order of Police, Philadelphia Lodge No. 5*, 155 F.R.D. 105, 113, (E.D.Pa. 1994) (in the absence of direct individual injury, a corporate shareholder or officer lacks standing to sue for an injury to the corporation); *Deaktor v. Fox Grocery Company*, 332 F.Supp. 536, 541 (W.D. Pa. 1971) (shareholders and employees of a corporation have no claim for relief under the antitrust laws for injuries they suffer as a consequence of the injury done to a corporation by a defendant's conduct in violation of the antitrust laws).

**B.    Boyd's Brief Does Not Assert Sufficient Facts To State A Claim Under Section 1 Of The Sherman Act.**

Courts do not permit antitrust claimants under Section 1 to set in motion costly antitrust discovery merely by using the buzz word "conspiracy." *See, e.g., Twombly*, 127 S. Ct. at 1966-67 (holding that the antitrust conspiracy alleged must be "plausible" in order to survive a motion to dismiss). Boyd "must do more than merely allege that a conspiracy exists, [he] must provide some factual basis for that allegation." *Telsat v. Entertainment & Sports Programming Network,*

3

753 F. Supp. 109, 115 (S.D.N.Y. 1990); *see also Fuentes v. South Hills Cardiology*, 946 F.2d

196, 201 (3d Cir. 1991). Boyd has not and cannot plead facts meeting this burden.

The Third Circuit has expressly rejected conclusory assertions of a conspiracy similar to

those made by Boyd. *See e.g., Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173,

181 (3d Cir. 1988) ("Only allegations of conspiracy which are particularized ... will be deemed

sufficient."). The Ninth Circuit ruled similarly in *Marian Bank v. Electronic Payment Servs.,*

*Inc.*, 1997 WL 811552 (D. Del. Dec. 30, 1997); *see also Medtronic Minimed Inc. v. Smiths Med.*

*MD Inc.*, 371 F. Supp. 2d 578, 586-87 (D. Del. 2005). In other words, Boyd must plead factual

allegations, consistent with and subject to the good faith requirements of Fed.R.C.P. No. 11, that

TemPay possessed and utilized monopoly power to "foreclose competition" in the relevant

market. *Medtronic*, 371 F. Supp. 2d at 586-87 (*quoting United States v. Dentsply Int'l, Inc.*, 399

F.3d 181, 191 (3d Cir. 2005)). Boyd has not done so and cannot do so.

**C.    Boyd's Brief Does Not Assert Sufficient Facts To State A Claim Under Section 2 Of The Sherman Act.**

Boyd has failed to allege facts evidencing the relevant market. That defect is fatal to his

Section 2 claim. *Superior Models, Inc. v. Tolkien Enterprises*, 1981 WL 40556 (D. Del. Aug.

14, 1981) ("With respect to plaintiff's section 2 charge, in the Third Circuit, along with a vast

majority of other Circuits, the definition of the relevant market is also required in cases charging

an attempt to monopolize.") (*citing Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338 (3d

Cir. 1975)). Furthermore, Boyd has not alleged any facts demonstrating that the TemPay had a

"specific intent to monopolize" or that the TemPay engaged in "anticompetitive conduct."

4

### D.    Boyd Had Not Asserted Facts Sufficient To Establish A Conspiracy To Monopolize.

Boyd's brief also states that TemPay and its alleged sponsors "conspire[ed] to monopolize the temporary market for construction and industrial workers and the financing needed among several states". This assertion constitutes nothing more than a token effort at a formulaic recitation of the elements of a claim. It does not come anywhere close to satisfying Boyd's burden of pleading credible facts that evince (i) the existence of a combination or conspiracy to monopolize; (ii) an overt act in furtherance of the conspiracy; and (iii) a specific intent to monopolize. *Howard Hess Dental Laboratories, Inc. v. Dentsply International, Inc.*, ___ F. Supp. 2d ___, 2007 WL 2807292 (D. Del. Sept. 26, 2007). Boyd's Section 2 conspiracy to monopolize claim suffers from the same defect as his Section 1 claim: the absence of any credible, factual allegations from which the Court could reasonably infer the existence of a conspiracy.

In summary, even when the new allegations in his brief are considered, which they should not be, they do not cure the fatal pleading deficiencies that mandate dismissal of this action. These new allegations demonstrate that (1) plaintiff has no standing to assert the claims as a matter of law, and (2) even if he did, his claims of monopolization, attempted monopolization and conspiracy to monopolize are devoid of sufficient supporting factual allegations to pass muster and, thus, fail as a matter of law.

### III.    BOYD'S REQUEST TO AMEND HIS COMPLAINT SHOULD BE DENIED BECAUSE IT WOULD BE FUTILE.

In the last sentence of his brief, Boyd requests "that the Court allow [him] a reasonable time to retain counsel and amend [his] complaint." (Ans. Br. at 6). Although a plaintiff may be entitled to amend his complaint as a matter of right under Rule 15(a) where no responsive

pleading has been filed, the right to amend should be denied if the amendment would be futile. *Roberts v. The Mayor and Burgesses of the London Borough of Brent*, 2003 WL 21543889 (3d Cir. July 9, 2003). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (citations omitted); *see also Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir. 1990) (denying *pro se* plaintiffs' motion to amend because the amendment would not cure the "fundamental defects" in the complaint).

The only additional facts that Boyd has identified for inclusion in an amended complaint are those set forth in his brief. As explained above, consideration of those allegations would not cure the fatal defects in Boyd's pleading. Accordingly, the Court should deny Boyd's request to amend his complaint because amendment here would be futile.

6

## CONCLUSION

For the foregoing reasons, and the reasons stated in its opening brief, defendant TemPay respectfully requests that this Court grant its motion to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim for relief, and deny plaintiff William Boyd's request, in the alternative, for leave to amend his complaint.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

By:    /s/ Katharine L. Mayer

Dated: December 10, 2007

Katharine L. Mayer (DE Bar ID #3758)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
(302) 984-6399 (fax)
kmayer@mccarter.com
*Attorneys for Defendant, TemPay, Inc.*

7

ME1 6975993v.1