# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WILLIAM BOYD,                                  :       CIVIL ACTION NO. 07-377 JJF
                                               :
                           Plaintiff,          :
                                               :
            v.                                 :
                                               :
TEMPAY,                                        :
                                               :
                           Defendant.          :
                                               :

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S "MOTION REQUEST OF COUNCIL (28 U.S.C. 1915(e)(1) AND REQUEST FOR ADDITIONAL TIME"

**McCARTER & ENGLISH, LLP**
Katharine L. Mayer
Renaissance Centre
405 N. King street, 8th floor
Wilmington, DE  19801
(302) 984-6300
(302) 984-6399

*Attorneys for Defendant, TemPay, Inc.*

Dated:  June 25, 2007

ME1 7477932v.1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

I.     THE MOTION IS UNTIMELY ..................................................................................1

II.    THE COURT SHOULD EXERCISE ITS
       DISCRETION TO DENY THE APPLICATION ........................................................2

III.   CONCLUSION...........................................................................................................5

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Parham v. Johnson*, 126 F.3d 454 (3d Cir. 1997)...................................................................3

*Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993) ........................................................................2

## STATE CASES

*Kelly v. MBNA America Bank*, 2007 WL 1830892 (D.Del. 2007) .......................................4

## FEDERAL STATUTES

28 U.S.C. §1915............................................................................................................................2

ME1 7477932v.1

Almost one year to the day after the institution of this action, plaintiff now belatedly asks the Court to restart the clock, put a hold on the pending motion to dismiss Plaintiff's latest amended pleading, grant him additional time to file yet another amended Complaint, and to appoint counsel for him.  For the reasons that follow, Defendant TemPay, Inc. ("TemPay") respectfully requests that the Motion be denied.

## I.    THE MOTION IS UNTIMELY

Plaintiff initiated this action by filing a complaint with this Court on June 12, 2007. Since that filing, Defendant, TemPay, has filed two separate Motions to Dismiss (Docket Nos. 8 and 17), briefs and reply briefs in support of those motions (Docket Nos. 9, 11, 18, and 21) and now finds it necessary to file this response in opposition to Plaintiff's Motion for Appointment of Counsel, for Additional time and for the opportunity to file yet another amended complaint (Docket No. 23).  Plaintiff has filed three separate briefs (Docket Nos. 10, and 19) purporting to demonstrate why his claims have merit and should be permitted to go forward in this Court.  In his brief in opposition to the original complaint, Plaintiff requested additional time for the specific purpose of retaining counsel.  The Court granted that request and gave Plaintiff thirty days to do so.  Mr. Boyd did not indicate at that time, or in any subsequent filing (including the filing of his Amended Complaint), that he was unable to retain counsel because he could not afford to do so or that he felt unable, without the assistance of counsel, to properly prepare his amended pleading.  He has filed, in addition to his original complaint, an Amended Complaint (Docket No. 16), and an Amended Complaint Correction (Docket No. 20).

After reviewing TemPay's most recent brief supporting dismissal of his claims, Plaintiff, apparently recognizing that his claims, as amended, may still not pass muster, now comes before the Court and asks for a "do over" through a Motion for appointment of counsel and for

1

additional time. His stated reason for not filing the Motion previously is that "I had no knowledge that the Courts could assign counsel to Civil Plaintiff cases." If lack of knowledge were a criteria, Plaintiff would be able to delay the disposition of this matter indefinitely by merely asserting a prior lack of knowledge with respect to any issue considered and determined by the Court.

The Court has given plaintiff ample opportunity to articulate a cognizable claim. TemPay has been forced to endure a year of baseless litigation and substantial legal expense in responding to plaintiff's multiple submissions. It would be both unjust and unwarranted to grant an application, at this late date, for additional time to restart this litigation with the aid of newly appointed counsel. The time for making this application has long since passed. For this reason alone, the application should be denied.

## II.    THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY THE APPLICATION

Even if the application had been timely brought (which it clearly was not), under the standards applicable to applications of this type, the Court has discretion on whether or not to grant the request for appointment of counsel. Under the circumstances presented, it is respectfully submitted that the Court should exercise that discretion to deny Plaintiff's request.

It should be noted, at the outset, that there is neither a constitutional nor statutory right to appointed counsel in a civil case. *Tabron v. Grace,* 6 F.3d 147, 153 (3d Cir. 1993). The statute relied upon by Plaintiff, 28 U.S.C. §1915 (e)(1) provides that a Court "may request an attorney to represent any person unable to employ counsel"[1](emphasis supplied). Whether or not to do so is a matter left to the discretion of the Court in which the application is made. The statute provides

---

[1] While §1915(e)(1) is not limited by its terms to prisoners, most of the reported decisions reflect that it has been used to request counsel for prisoners in cases alleging violation of prisoners' rights. Prisoners are necessarily more limited in their ability to conduct factual investigations and present their claims in Court than an indigent civil Plaintiff who is not incarcerated, such as Mr. Boyd.

MEI 7477932v.1

no mechanism for funding payments to attorneys for such representation as a result of which the court is left to "request" that an attorney represent an indigent party without compensation.

In a perfect world, with unlimited resources and a ready pool of volunteer attorneys willing to donate their time without limit, there would be little need for the exercise of discretion and an attorney could be appointed freely upon request, provided the request was timely made and provided the requesting party was truly unable to afford private counsel. However, in the real world in which we live there are limited resources available for such appointments. As Judge Becker observed in *Tabron v. Grace*, 6 F.3d at 157:

> We ... emphasize that volunteer lawyer time is extremely valuable. Hence, District Courts should not request counsel under §1915(d) indiscriminately. As the Court of Appeals for the 2d Circuit has warned:
>
> > 'Volunteer lawyer time is a precious commodity .... Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.'

In *Parham v. Johnson*, 126 F.3d 454 (3d Cir. 1997), the Court set forth criteria to be considered in exercising its discretion in a given case. In the first instance, the Court noted that there should be a preliminary determination that plaintiff's claims have merit in fact and in law. 126 F.3d at 457. For the reasons set forth in TemPay's moving papers in support of its Motion to Dismiss the Amended Complaint, Plaintiff's claim clearly has no merit either in fact or in law, and it is respectfully submitted, as a result, that there is no need for the Court to go any further in its analysis[2].

In a case in which it is determined that there is at least a preliminary showing of merit to the claims, other factors to be considered, according to the Third Circuit, are the following:

---

[2] Plaintiff has had ample opportunity over the past year to demonstrate that there is at least a facial validity to his claims, and has been unable to do so, because in fact and in law there is none.

MEI 7477932v.1

(1)    The Plaintiff's ability to present his or her own case;

(2)    The complexity of the legal issues;

(3)    The degree to which factual investigation will be necessary
       and the ability of the Plaintiff to pursue such investigation;

(4)    The amount a case is likely to turn on credibility determination;

(5)    Whether the case will require the testimony of expert witnesses;

(6)    Whether the Plaintiff can attain and afford counsel on his own behalf."

126 F.3d at 475. This list of factors is not exhaustive but, instead, should serve as a guidepost

for the District Courts. Id.

In this case, Plaintiff, an experienced *pro se* litigant, has clearly demonstrated the ability

to present his or her own case. He has successfully survived a Motion to Dismiss his initial

Complaint, has responded promptly and vigorously to each of the papers submitted on behalf of

Defendant, TemPay, Inc., and has pursued, at the same time and with similar vigor, litigation

against other parties in this Court[3].

Here, as in *Kelly v. MBNA America Bank*, 2007 WL 1830892 (D.Del. 2007), in which

this Court denied a request for appointment of counsel by a pro se party, plaintiff has

demonstrated the ability to present his own case and file appropriate responses to Defendants'

Motions. When legal issues have been raised (such as the lack of standing for Plaintiff to pursue

claims on behalf of corporate entities), he has responded to those legal issues and sought to

correct the deficiencies in his Complaint by adding those parties.

The underlying facts supporting Plaintiff's claims are best known to him and, therefore,

will not require significant factual investigation beyond Plaintiff's ability to prove facts

---

[3] Indeed, the record in this case and in other cases filed at about the same time reveals Plaintiff to be a tenacious pro se litigant who has demonstrated the wherewithal to prepare and file amended pleadings, responses and replies to motions, motions for reconsideration and even notices of appeal. In the present motion for appointment of counsel, plaintiff was able to direct the Court to the precise section of the statute on which he relies for the relief sought.

4

supporting those claims. Evaluating the complexity of the legal issues is difficult because of the lack of specifics to Plaintiff's claims. However, Plaintiff has been able to cite to numerous federal statutes on which he purports to base his claims, including the Sherman Act, with precise citation to the sections of the United States Code on which relies in asserting those claims[4].

The problem with Plaintiff's claims is not that Plaintiff is unable to present them, or that they are unduly complicated. The problem is that the claims have no factual or legal basis. Permitting Plaintiff at this late date to further delay these proceedings so that the Court can appoint counsel on his behalf to file yet another baseless Amended Complaint is not only unwarranted, it would prejudice the rights of TemPay to a prompt determination of the issues presented, and it would deny other indigent litigants with meritorious claims the opportunity to secure volunteer counsel from the limited pool of volunteer counsel available.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully requested that Plaintiff's Motion for appointment of counsel and for additional time be denied.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

Dated: June 25, 2008          **By:**    _____
Katharine L. Mayer
Renaissance Centre
405 N. King street, 8th floor
Wilmington, DE 19801
(302) 984-6300
(302) 984-6399

*Attorneys for Defendant, TemPay, Inc.*

---

[4] TemPay submits that as to the other factors it is not possible to make a judgment based upon the current state of the record, other than a presumption (and only that) that at this time Plaintiff, based upon his submission, cannot afford to retain private counsel on his own behalf. However, even if these factors militated in favor of appointment of counsel, they would not overcome strength of the other factors which clearly weigh against appointment.

5

## CERTIFICATE OF SERVICE

I, Katharine L. Mayer, one oft the attorneys of record for Defendant, TemPay, Inc., hereby certify that on this 25th day of June, 2008, I caused a true copy of the within *Defendant's Brief in Opposition to Plaintiff's Motion Request of Counsel (28 U.S.C. 1915(e)(1) and Request for Additional Time* to be placed in the United States first Class Mail, postage prepaid, addressed as follows:

> Mr. William Boyd
> 602 Tamara Circle
> Newark, Delaware 19711

> /s/ Katharine L. Mayer
> Katharine L. Mayer (DE Bar ID #3758)

ME1 7477932v.1