IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM BOYD, ALLSTAFF, INC., B AND R, INC., WILLIAM BOYD d/b/a ALLSTAFF, INC., and WILLIAM BOYD d/b/a B AND R, INC., | : : : : : : |
| Plaintiffs, | : : |
| v. | : Civ. Action No. 07-377-JJF : |
| TEMPAY, | : : |
| Defendant. | : |

William Boyd, Allstaff, Inc., B and R, Inc., William Boyd d/b/a Allstaff, Inc., and William Boyd d/b/a B and R, Inc., Newark, Delaware. Pro se Plaintiffs.

Katharine L. Mayer, Esquire, McCarter & English, LLP, Wilmington, Delaware. Attorney for Defendant.

**MEMORANDUM OPINION**

December 4, 2008
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff William Boyd ("Boyd") filed this Complaint on June 12, 2007. (D.I. 2.) He proceeds pro se and has been granted leave to proceed in forma pauperis. (D.I. 4.) Presently before the Court is Defendant Tempay's Motion To Dismiss Plaintiff's Amended Complaint For Failure To State A Claim, a response and reply, thereto. (D.I. 17, 18, 19, 21, 22.) Also before the Court is Boyd's Motion For Appointment Of Counsel and Defendant's Response. (D.I. 23, 24.) For the reasons set forth below, the Court will grant Defendant's Motion To Dismiss with prejudice and will deny as moot Boyd's Motion For Appointment Of Counsel.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Boyd filed this action on May 2, 2007. (D.I. 2.) Upon Motion of Defendant, the Court dismissed the Complaint for failure to state a claim upon which relief may be granted and gave Boyd leave to amend the Complaint and time to retain counsel. (D.I. 8, 14, 15.) Boyd filed an Amended Complaint and Defendant filed the pending Motion To Dismiss The Amended Complaint. Boyd filed a Response and an "Amended Complaint Correction" but did not retain counsel (D.I. 17, 20.) The Court construes the Amended Complaint and the Amended Complaint Correction, together, as the Amended Complaint. The Amended Complaint adds as Plaintiffs Allstaff, Inc., B and R, Inc., William Boyd d/b/a Allstaff, Inc., and William Boyd d/b/a B and

R, Inc. (collectively "corporate Plaintiffs").

Plaintiffs allege Defendant violated antitrust laws under the Sherman Act, § 1 and § 2. They also allege that Defendant committed embezzlement, extortion, identity theft, and bank fraud to destroy Plaintiffs and prevent fair competition. The Amended Complaint alleges that Defendant, a "factoring company" that lends money by using company invoices for collateral, provided services to Boyd and Allstaff, Inc. ("Allstaff"), a temporary employment agency that is fully owned by Boyd. In the past, Defendant had provided services to Jack Boyd ("Jack"), but the contract has ended. Unknown to Boyd, Defendant had a previous contract with John Boyd ("John")[1] and Krista Garrettson ("Garrettson"), Allstaff in-house employees.

Plaintiffs allege that Defendant entered into a new contract with Jack and Garrettson to "take on" Allstaff's accounts and Defendant gave Jack and Garrettson loans, monies, and advances made out to Allstaff, and without Boyd's knowledge or approval even though he had the only signing or legal power. Plaintiffs allege that Defendant, and other non-parties, embezzled monies from them when Defendant issued checks to Allstaff upon the request of John and Garrettson, who would then deposit the check in an account other than Allstaff's. Plaintiffs allege that John

---

[1]While not clear, it may be that John Boyd and Jack Boyd are the same person.

and Garrettson stole client information, employees, and equipment from the office of Boyd and Allstaff.  They allege that Defendant refused to loan money to Boyd, communicate with him, and give him Allstaff financial information.

Plaintiffs allege that Defendant conspired with Jack and Garrettson, among others, and that contracts between Defendant and John and Garrettson, "eliminated" Plaintiffs' ability to operate.  Plaintiffs further allege the conspiracy "eliminated" Boyd from opening a company and "eliminated" the corporate Plaintiffs.  Plaintiffs allege that through the conspiracy, Defendant injured competition in the "horizontal market" and, by picking and choosing who would succeed or fail, eliminated all chances of fair competition and restrained trade.  Finally, Plaintiffs allege that Defendant, with various non-parties, have monopolized, attempted to monopolize, and conspired to monopolize, temporary employment clients for construction and industrial workers and the financing needed among several states.[2]

Defendant moves for dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiffs fail to state a claim upon which relief may be granted.  More

---

[2]Plaintiffs allege that Defendant has clients, and does business, in several states in the United States and that Allstaff services Delaware, Maryland, Pennsylvania, and New Jersey.

particularly, it argues that Boyd does not have standing to assert claims under the Sherman Act, and the Amended Complaint fails to assert sufficient facts to state a claim under §§ 1 and 2 of the Sherman Act. Boyd asks the Court to deny the Motion To Dismiss and moves for appointment of counsel.

**II. STANDARD OF REVIEW**

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiffs. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Plaintiffs are required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiffs proceed pro se, their pleading is liberally construed and their Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. DISCUSSION

### A. Standing

The Amended Complaint adds corporate Plaintiffs Allstaff, Inc., B and R, Inc., William Boyd d/b/a Allstaff, Inc., and

William Boyd d/b/a B and R, Inc. A corporation or other artificial entity cannot represent itself. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); James v. Daley and Lewis, 406 F. Supp. 645, 648 (D. Del. 1976). Additionally, Boyd, a non-lawyer may not appear on behalf of, or represent, Allstaff, Inc. or B and R., Inc. See Van De Berg v. C.I.R., 175 Fed. Appx. 539 541 (3d Cir. 2006). In this regard, Defendant argues that Boyd has no standing to maintain a claim under the Sherman Act on his behalf, or on behalf of the corporate Plaintiffs. At this juncture, the Court will not address the standing issue since, as will be discussed, the Amended Complaint fails to state a claim upon which relief may be granted.

**B.  Sherman Act, § 1**

Section 1 of the Sherman Act, 15 U.S.C. § 1, provides: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several states . . . is declared to be illegal." 15 U.S.C. § 1. In order to state a claim under § 1, Plaintiffs must allege: (1) concerted action by Defendant; (2) that produced anticompetitive effects within the relevant product and geographic markets; (3) that the concerted action was illegal; and (4) that Plaintiffs were injured as a proximate result of the concerted action. Queen City Pizza, Inc. v. Domino's Pizza, Inc., 124 F.3d 430, 442

(3d Cir. 1997).

Defendant argues that the Amended Complaint does not allege sufficient facts to state a claim under § 1 of the Sherman Act. More particularly, it argues that the Amended Complaint fails to set forth specific factual allegations to form a plausible claim that Defendant possessed and utilized a monopoly to "foreclose competition" in the relevant market. Boyd responds that there is a conspiracy with Defendant and others to illegally monopolize the temporary employment horizontal market. He contends those in the conspiracy committed criminal offenses that prove the conspiracy and that he has documents and heard conversations that support the conspiracy. In his response, Boyd asserts the acts took place "from 2006 through 2003."[3] (D.I. 19.)

To prove the existence of a conspiracy, there must be a "'unity of purpose or a common design and understanding or a meeting of minds"' or "'a conscious commitment to a common scheme.'" Monsanto Co. v. Spray-Rite Service Corp., 465 U.S. 752, 764 (1984) (quoting Edward J. Sweeney & Sons, Inc. v. Texaco, Inc., 637 F.2d 105, 111 (3d Cir. 1980)). In a § 1 claim, the Amended Complaint must have "enough factual matter (taken as true) to suggest that an agreement was made." Twombly, 127 S.Ct. at 1965. Moreover, there must be enough facts "to raise a

---

[3] It is unclear if these are the correct dates since they are not in chronological order (i.e., 2003 through 2006 instead of 2006 through 2003). Also the dates are not found in the Amended Complaint.

reasonable expectation that discovery will reveal evidence of illegal agreement." Id. An allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Id. at 1966. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. Id.

Additionally, the mere pleading of "statutory words" does not satisfy Rule 8(a)(2) pleading requirements. Klebanow v. New York Produce Exch., 344 F.2d 294, 299 (2d Cir. 1965). The Third Circuit Court of Appeals has held that simply pleading a "general allegation of conspiracy" or that Defendant engaged in concerted action to achieve anticompetitive effects are insufficient allegations to survive a motion to dismiss. Garshman v. Universal Res. Holding, Inc., 824 F.2d 223 (3d Cir. 1987); Black & Yates v. Mahogany Ass'n, 129 F.2d 227, 231-32 (3d Cir. 1941).

The Amended Complaint fails to adequately plead a conspiracy under the Sherman Act. It contains rote language that Defendant "conspired" with others, "has a conspiracy" with others, and committed certain unlawful acts such as embezzlement, extortion, and bank fraud. While the Amended Complaint alleges certain acts by Defendant and others, it fails to allege that the individual acts were taken as a "conscious commitment to a common scheme." Moreover, the Amended Complaint fails to provide the details of when or where the alleged acts occurred. Additionally, the

Amended complaint fails to adequately define the relevant market. See Queen City Pizza, Inc. v. Domino's Pizza, Inc., 124 F.3d 430 (3d Cir. 1997). Finally, Plaintiffs allege that the conspiracy includes bank fraud and Fed. R. Civ. P. 9(b) provides that in alleging fraud, a party must state with particularity the circumstances constituting fraud. The allegations in the Amended Complaint do not satisfy the pleading requirement of Rule 9(b). For the above reasons, the Court will grant Defendant's Motion To Dismiss The Amended Complaint on the basis that Plaintiffs fail to state a claim under § 1 of the Sherman Act.

**C. Sherman Act, § 2**

Section 2 of the Sherman Act makes it unlawful to monopolize, attempt to monopolize, or conspire to monopolize, interstate or international commerce. It is "the provision of the antitrust laws designed to curb the excesses of monopolists and near-monopolists." LePage's Inc. v. 3M, 324 F.3d 141, 169 (3d Cir. 2003) (en banc). Liability under § 2 requires "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." United States v. Grinnell Corp., 384 U.S. 563, 570-71 (1966); Schuylkill Energy Resources v. Pennsylvania Power & Light Co., 113 F.3d 405, 412-13 (3d Cir. 1997). To support an inference of monopoly power, a

plaintiff typically must plead and prove that a firm has a dominant share in a relevant market, and that significant "entry barriers" protect that market. Harrison Aire, Inc. v. Aerostar Int'l, Inc., 423 F.3d 374, 381 (3d Cir. 2005); United States v. Microsoft, 253 F.3d 34, 51 (D.C. Cir. 2001).

The Amended Complaint, as it now stands, fails to allege monopolization. In reading the complaint as a whole, the allegations are that Defendant's conduct may have harmed Plaintiffs, but not the market as a whole. Moreover, the Amended Complaint fails to allege facts as to the relevant market. Nor have Plaintiffs adequately alleged an attempted monopolization claim under § 2 of the Sherman Act.[4] As with the § 1 claim, the § 2 claim contains the pleading of statutory words, without more. Therefore, the Court will grant Defendant's Motion To Dismiss The Amended Complaint on the basis that Plaintiffs fail to state a claim under § 2 of the Sherman Act.

D. **Amendment**

Defendant argues that amendment is futile, and Plaintiffs should not be allowed to amend. Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec.

---

[4] Section 2 requires allegations that (1) Defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power. Schuylkill, 113 F.3d at 413.

Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Boyd was given an opportunity to correct his pleading deficiencies, to no avail. See Foman v. Davis, 371 U.S. 178, 182 (1962) (The court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment."). Inasmuch as amendment is futile, the Court will dismiss with prejudice the Amended Complaint. Plaintiff's Motion For Appointment of Counsel will be denied as moot.

## IV. CONCLUSION

Based upon the foregoing, the Court will grant Defendant's Motion To Dismiss with prejudice. (D.I. 17.) The Court will deny as moot Boyd's Motion For Appointment Of Counsel. (D.I. 23.) An appropriate Order will be entered.